UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL ARROYO,

                              Plaintiff,

              -against-

JOHN J. RHODES, et al.,

                              Defendants.

26-CV-1558 (JGLC)

**ORDER**

KENNETH M. KARAS, United States District Judge:

Plaintiff Noel Arroyo, proceeding pro se, originally commenced this action on February 25, 2026. ECF No. 1. As of April 21, 2026, counsel for all Defendants appeared on the docket. *See* ECF Nos. 8, 11. On June 12, 2026, Mr. Arroyo filed an emergency motion for a Temporary Restraining Order (TRO) and Preliminary Injunction (PI) that he served via CM/ECF. *See* ECF No. 28 ("Emergency Motion") at 6. Mr. Arroyo's motion seeks, among other things, an order permitting him to "to enter New York State courthouse facilities" with "a medically necessary hydration device or medical grade water bottle" that he alleges is necessary for the "management of a medical condition." Emergency Motion at 1. In his motion, Mr. Arroyo did not indicate the date of any impending court appearances.

The bar for issuing *ex parte* relief—that is, relief granted after briefing from only one party—is extremely high. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964); *Commey v. Adams*, No. 22-CV-0018 (RA), 2022 WL 62155, at *2 (S.D.N.Y. Jan. 6, 2022); *Suber v. VVP Servs.*, No. 20-CV-8177 (AJN), 2021 WL 1101235, at *19 (S.D.N.Y. Mar. 23, 2021). "The potential injury must be 'actual and imminent.'" *Suber*, 2021 WL 1101235, at *19 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). And generally, TROs "should be restricted to serving their underlying purpose of preserving the status quo and

preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Here, "Plaintiff is not seeking to 'preserve the status quo' until the Court has an opportunity 'to hold a hearing' and pass on the merits." *Valles v. California Dep't of Corr. & Rehab.*, No. 25-CV-8050 (MKV), 2025 WL 3219449, at *1 (S.D.N.Y. Oct. 8, 2025) (quoting *Granny Goose Foods*, 415 U.S. at 430). "Rather, he is asking a judge who is unfamiliar with the details of [the relevant facts] to intervene and alter the conditions" of another jurisdiction. *Id.* The Court moreover sees no imminency to the potential injury, because Mr. Arroyo has not provided the date of his next court appearance.

Accordingly, the Court directs Defendants to reply to the Emergency Motion by June 17, 2026. Mr. Arroyo may then file a reply by June 22, 2026, after which point the Court will resolve his motion.

Dated: June 12, 2026
         White Plains, New York

SO ORDERED.

KENNETH M. KARAS
United States District Judge