UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEL ARROYO, | |
|         Plaintiff, | |
|     -against- | 26-CV-1558 (JGLC) |
| JOHN J. RHODES, et al., | **ORDER** |
|         Defendants. | |

KENNETH M. KARAS, United States District Judge:

Plaintiff Noel Arroyo, proceeding pro se, filed this Action on February 25, 2026, alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and federal civil rights law, 42 U.S.C. § 1983. ECF No. 1 ("Compl."). On June 12, 2026, Plaintiff filed an emergency motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") seeking an order that provides him access New York state courthouses with his preferred "medically necessary hydration device." ECF No. 28 at 1. The Court has reviewed the parties' briefing, ECF Nos. 28, 33–37, and, for the reasons below, DENIES the motion.

To obtain preliminary injunctive relief, a plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Such relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). In this Circuit, it is well established that

the same legal standard generally governs the issuance of PIs and TROs. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020).

Because of his pro se status, the Court construes Plaintiff's pleadings liberally and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal citation omitted). Even so, pro se litigants must comply with procedural rules and substantive law. *See Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)).

Plaintiff's submissions do not demonstrate any of elements required to meet the high bar for preliminary injunctive relief. Most importantly, Mr. Arroyo fails to demonstrate that irreparable injury will ensue absent an injunction. An applicant for preliminary injunctive relief "must show that it is *likely* to suffer irreparable harm if equitable relief is denied." *JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) (emphasis in original). Mr. Arroyo does not identify any specific harm that follows from his inability to retain his water bottle of choice; he simply alleges, without documentation or other support, that it is "medically necessary." *See, e.g.*, ECF No. 28 at 3. Moreover, it appears that during his visits to the relevant courthouses, Plaintiff retained the ability to access his water bottle whenever he needed by visiting the security desk. *See* ECF No. 33 at 6. Video exhibits incorporated by reference into this briefing suggest that Mr. Arroyo may have taken advantage of that service at least once. *See id.* (citing ECF No. 15-2 at 10:53–10:58). Mr. Arroyo does not dispute that form of access in his reply. *See* ECF Nos. 35–37. Finally, despite being on notice that the failure to provide an upcoming court date might stymie his motion, Plaintiff has failed to identify *any* upcoming court dates that he must attend. Instead, he cited only on "ongoing legal matters" that he needs to attend to as "an active pro se litigant." ECF No. 35 ¶ 2. Accordingly, Plaintiff has not established

that he is likely to suffer any imminent harm from the alleged deprivation of his preferred water bottle or from the current access system that appears to have been implemented. "Because a showing of probable irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction,'" this determination alone dooms Plaintiff's petition. *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990) (internal citation omitted*); see also, e.g.*, *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 190 F. Supp. 2d 577, 581 (S.D.N.Y. 2002).

In any event, at this stage in the proceedings, Plaintiff also has not established a likelihood of success on the merits or sufficiently serious questions going to the merits. "To prove a violation of Title II [of the ADA], a party must . . . establish: (1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003) (citing 42 U.S.C. § 12132). Mr. Arroyo does not plead sufficient facts or provide any documentation to support that he is a "qualified individual" within the meaning of the ADA. Moreover, even if he were qualified and thus entitled to an accommodation, a reasonable accommodation does not need to be "'a perfect accommodation or the very accommodation most strongly preferred' by the individual"—it only needs to be "effective." *Fishman v. Off. of Ct. Admin. New York State Cts.*, No. 20-1300, 2021 WL 4434698, at *3 (2d Cir. Sept. 28, 2021) (summary order) (quoting *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 95 (2d Cir. 2015)). Here, Mr. Arroyo has not explained why using a non-metal water bottle or accessing his preferred water bottle at the security desk are insufficient accommodations. Finally, Mr. Arroyo has not alleged that he was in fact denied access to the courtroom—instead

contending that he was denied "meaningful" access without his preferred water bottle. *See* ECF No. 28 at 2.

Accordingly, Plaintiff's request for a PI and TRO is DENIED without prejudice to renew at a later date upon a material change of circumstances. The Clerk of Court is directed to terminate ECF No. 28.

Dated: July 1, 2026
      White Plains, New York

SO ORDERED.

KENNETH M. KARAS
United States District Judge