RECEIVED
SDNY DOCKET UNIT
2026 JUL 10 AM 9:59

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Noel Arroyo,**
**Plaintiff,**

**v.**

**MEMO ENDORSED**

**JOHN J. RHODES, et al.,**
**Defendants.**

**Case No. 26-CV-1558 (JGLC)**

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Noel Arroyo respectfully moves this Court for reconsideration of its Order denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

**This motion is brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Rule 59(e), Rule 60(b), and Local Civil Rule 6.3, as applicable.**

## INTRODUCTION

Plaintiff respectfully submits that the Court overlooked critical facts regarding the severity of Plaintiff's disability and the irreparable harm caused by denying Plaintiff immediate access to his medically necessary hydration device while participating in court proceedings.

The Court concluded that Plaintiff failed to demonstrate irreparable harm and likelihood of success on the merits. Plaintiff respectfully submits that additional facts now before the Court demonstrate both.

This motion is not filed merely to reargue prior issues but to present material facts that directly address the Court's concerns.

## NEWLY PRESENTED FACTS

Plaintiff suffers from a disability that causes sudden dehydration episodes requiring immediate access to hydration.

Plaintiff has been under ongoing treatment with a licensed therapist regarding this disability.

**During court proceedings, Plaintiff cannot simply leave the courtroom repeatedly without interrupting proceedings, risking contempt concerns, disrupting the administration of justice, or missing testimony or rulings affecting his case.**

On January 14, 2026, while attending a court proceeding, Plaintiff experienced an actual dehydration anxiety attack episode. Because courthouse security had confiscated Plaintiff's medically necessary hydration bottle, Plaintiff did not have immediate access to water when symptoms developed.

The delay caused by retrieving the bottle from security significantly increased Plaintiff's medical distress.

The Court previously suggested Plaintiff could simply retrieve the bottle from security when needed.

Respectfully, this proposed accommodation is ineffective because:

- dehydration episodes often require immediate hydration;
- walking to security delays treatment;
- repeated departures interrupt court proceedings;
- Plaintiff cannot freely interrupt hearings whenever symptoms arise;
- Plaintiff is placed at a substantial disadvantage compared with litigants who are not disabled;
- delayed hydration substantially increases the risk of worsening Plaintiff's medical condition.

Accordingly, the accommodation presently offered does not provide meaningful access to court services as required under Title II of the Americans with Disabilities Act.

## THE COURT OVERLOOKED MATERIAL FACTS REGARDING IRREPARABLE HARM

Irreparable harm exists when an injury cannot be adequately compensated by monetary damages.

Here, Plaintiff's injury is physical.

Plaintiff experiences unpredictable dehydration episodes that require immediate hydration.

Every court appearance places Plaintiff at risk of another episode.

Unlike an ordinary inconvenience, dehydration presents an immediate medical concern that may rapidly worsen if hydration is delayed.

The injury is ongoing, recurring, and incapable of later compensation through money damages.

## TITLE II OF THE ADA REQUIRES MEANINGFUL ACCESS

Title II of the ADA prohibits public entities from excluding qualified individuals with disabilities from participation in court proceedings because of disability.

In ***Tennessee v. Lane, 541 U.S. 509 (2004),*** the Supreme Court held that Title II protects meaningful access to the courts and recognized access to judicial proceedings as a fundamental constitutional interest.

Similarly, ***Henrietta D. v. Bloomberg, 331 F.3d 261 (2d Cir. 2003),*** held that public entities must provide accommodations sufficient to afford meaningful access rather than merely theoretical access.

The accommodation currently offered by Defendants is ineffective because Plaintiff must leave the courtroom, retrieve the bottle from security, wait for its return, hydrate, and then re-enter proceedings.

This process delays medically necessary hydration precisely when Plaintiff's disability requires immediate treatment.

Meaningful access cannot depend upon Plaintiff repeatedly interrupting court proceedings whenever symptoms arise.

## THE COURT'S CONCLUSION REGARDING PLAINTIFF'S REQUESTED ACCOMMODATION SHOULD BE RECONSIDERED

The Court concluded that security's procedure was sufficient.

Respectfully, Plaintiff submits that the Court overlooked the practical realities of Plaintiff's disability.

An accommodation that cannot be used until after a medical episode has already begun is not an effective accommodation.

An accommodation that delays medically necessary treatment is not equal access.

An accommodation that forces only disabled litigants to interrupt proceedings does not provide equal participation.

## PLAINTIFF HAS PROVIDED ADDITIONAL EVIDENCE OF DISABILITY

Plaintiff has been receiving ongoing treatment regarding this disability.

While Plaintiff recognizes that courts may require sufficient information to evaluate ADA accommodation requests, Plaintiff also has a substantial privacy interest in his medical records. Plaintiff respectfully requests that, to the extent further medical documentation is required, the Court permit submission under seal or through another appropriate protective procedure to minimize unnecessary disclosure of confidential medical information.

## THE BALANCE OF EQUITIES FAVORS PLAINTIFF

Permitting Plaintiff to retain possession of a medically necessary hydration bottle during court proceedings imposes minimal burden upon courthouse operations.

Conversely, denial exposes Plaintiff to preventable medical episodes and interferes with Plaintiff's ability to participate meaningfully in judicial proceedings.

The requested accommodation is narrowly tailored, medically related, and consistent with the ADA's requirement that reasonable modifications be provided unless doing so would fundamentally alter the service or create an undue burden.

## CONCLUSION

Plaintiff respectfully requests that this Court:

1. Vacate its prior Order denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction;
2. Reconsider the motion in light of the additional evidence presented herein;
3. Find that Plaintiff has demonstrated irreparable harm;
4. Find that Plaintiff has demonstrated a likelihood of success on his Title II ADA claim;
5. Enter appropriate injunctive relief requiring Defendants to permit Plaintiff immediate possession of his medically necessary hydration device during all court proceedings, subject to reasonable security inspection if necessary; and
6. Grant such other and further relief as the Court deems just and proper.

In good faith and honor,

Respectfully submitted,

**By:** [signature]
**Noel Arroyo**
**All Rights Reserved, Without Prejudice,** ***sui juris***
***c/o 177A East Main Street, #112***
***New Rochelle, New York [10801]***
***Justice7@startmail.com***

**Date:** 7/10/2026

Application DENIED. Motions for reconsideration must address "matters or controlling decisions which the moving party believes the court has overlooked" that "might reasonably be expected to alter the conclusion reached by the court." Local R. 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard is thus "strict," and such motions are "not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *Schansman v. Sberbank of Russia PJSC*, 781 F. Supp. 3d 184, 189 (S.D.N.Y. 2025) (citation omitted).

Here, Plaintiff has not raised any allegations or arguments that the Court overlooked in determining that he did not demonstrate a likelihood of irreparable harm or success on the merits. *See generally* ECF No. 39. Among other deficiencies, Mr. Arroyo still fails to identify a future court date, does not demonstrate that he is a qualified individual under the Americans with Disabilities Act, and does not explain why a plastic water bottle is not an effective accommodation. *See id.* Accordingly, the Motion for Reconsideration is denied. The Clerk of Court is directed to terminate ECF No. 40.

SO ORDERED.

Kenneth M. Karas
United States District Judge
Dated: July 15, 2026
White Plains, New York